The facts sufficiently appear from the opinion of the court.
Howell, Judge,
delivered the opinion of the court:
Plaintiff, a Filipino residing in the Philippine Islands, filed his petition in this court on October 20, 1952, for the recovery of back pay as well as for certain items of equipment and property which were commandeered from him by the Japanese while he was in the service “in the Army.”
Plaintiff further alleges that he was inducted into the United States Armed Forces in the Far East (commonly known as the USAFFE) on November 17,1941, in the grade of T/Sgt., in which grade he served until he was promoted to 3d Lieutenant in March 1942. Further, that he was inducted into the Western Leyte Guerrilla Warfare Forces as a Captain in December 1942, and was promoted to the rank of Major in February 1943, and remained as such until March 28,1945.
While the Western Leyte Guerrilla Forces which came into existence in June 1942, subsequently received retroactive recognition, the plaintiff’s request for recognition as a member of the Guerrillas was denied by the proper military authorities according to certain exhibits attached to plaintiff’s petition.
The defendant has moved to dismiss plaintiff’s petition on the ground that it fails to state a claim upon which relief can be granted and that plaintiff’s claim is barred by the statute of limitations.
We have considered the effect of the statute of limitations, 62 Stat. 976, 28 U. S. C. (Supp. V) §2501, upon claims of this nature and have disposed of them upon the basis of our decision in Mareos v. United States, 122 C. Cls. 641, wherein we fixed September 2, 1945, as the date for the lifting of the suspension of the normal operation of the statute of limitations.
Plaintiff’s petition was not filed until October 20, 1952, which is considerably more than six years subsequent to September 2, 1945. Accordingly, plaintiff’s petition will he dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.